UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER HILL, | : | Civil Action |
| Plaintiff | : | |
| v. | : | No. 14-cv-7132 |
| | : | |
| GENERAL INFORMATION SERVICES, INC. | : | Jury Trial Demanded |

## PLAINTIFF'S SUBSTITUTE COMPLAINT
(Filed Pursuant to Order of April 16, 2015)

### I. Preliminary Statement

1.  Plaintiff Christopher Hill is a nurse who, in order to protect his professional reputation and job security, obtained from a Pennsylvania state court, in June, 2009, an Order of Expungement concerning a 2003 arrest. Despite that Order of Expungment, in May 2010, when a potential employer purchased a criminal background report from Defendant General Information Services, Inc., as part of a pre-employment background screen of Plaintiff, Defendant reported the expunged charges to the employer. While Plaintiff was eventually able to persuade Defendant and the employer that the charges had been wrongfully reported, he suffered damages caused by the reckless and/or negligent actions of Defendant, which failed to obtain an updated public records file before issuing its report to the employer. Plaintiff is filing this action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681n and § 1681o.

### II. Jurisdiction and Venue

2.  Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §§ 1331 and 1337.

3.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(d) in that a substantial part of the events underlying this action occurred in this District. Moreover, the action is related to a recently concluded class action in this District concerning Defendant's improper

background reporting of expunged criminal records. *Kerry Robinson v. General Information Services, Inc.*, No. 11-cv-07782-PBT.

### III.  Parties

4.  Plaintiff Christopher Hill is an adult individual who presently resides in Nashville, Tennessee.

5.  Defendant General Information Services, Inc. ("GIS") is a foreign corporation doing business throughout the United States, including within this District. GIS is headquartered at 917 Chapin Road, Chapin, South Carolina.

6.  GIS is a consumer reporting agency ("CRA") as defined by section 1681a(f) of the FCRA.

### IV.  Factual Allegations

7.  On or about October 25, 2003, Plaintiff was arrested by the Bensalem, Pennsylvania Police Department on the complaint of a business, and he was charged with several misdemeanors.

8.  On or about May 13, 2004, in the Court of Common Pleas, Bucks County, the several of the charges were Nol Prossed, and Plaintiff pleaded guilty to three counts of a summary offense. He was sentenced to five consecutive ninety (90) days of probation.

9.  Plaintiff completed that probation. Other than this incident from 2003, he had no other involvement in or record within the criminal justice system.

10.  In February, 2007 Plaintiff entered the Philadelphia Police Academy. Believing that, under the terms of his plea agreement from 2004 and the completion of his probation, all records pertaining to that case had been expunged, he did not disclose anything about the case to the Police Department. Even though a conviction on a summary offense did not disqualify him

from being a police officer, he ended up having to resign from the Academy for failing to disclose the arrest.

11. Plaintiff was devastated by the loss of this career opportunity and the embarrassment and humiliation caused by the disclosure about his arrest.

12. When he later decided to apply to nursing programs, Plaintiff obtained legal advice about the Bucks County arrest record. Not only was he worried, in general, about a repeat of his experience at the Police Academy with another employer, he was particularly worried that the nature of the original charges, even though dismissed, would be particularly damaging in a heath care field.

13. After learning that he needed to obtain a formal expungement order from the Bucks County court in order to remove all records of the arrest, he retained counsel to file an expungement petition in March, 2009.

14. On June 30, 2009, the Court of Common Pleas for Bucks County issued an Order for Final Expungement.

15. Thereafter, Plaintiff verified his clean criminal record by purchasing background reports from commercial background screening companies.

16. In November 2009, Plaintiff was admitted to a nursing program in Tennessee. Plaintiff relocated from Pennsylvania to Tennessee in order to begin the program in January, 2010.

17. While a student, Plaintiff applied for a position as a psychiatric tech with a hospital in Nashville, Tennessee.

18. Plaintiff was hired, conditioned on his passing a background screen.

19. The hospital employer ordered and obtained a criminal record background report from Defendant sometime during May, 2010.

20. The expunged Bucks County were included in the report Defendant provided to the Plaintiff's employer.

21. As a result of the adverse background report, the hospital terminated Plaintiff.

22. Because of the erroneous reporting by Defendant, Plaintiff was forced to explain to the hospital all the embarrassing circumstances of the 2003 charges—*i.e.*, causing the precise humiliation he had sought to prevent when he initiated the expungement proceeding the previous year.

23. After reviewing Plaintiff's proof concerning the expungement, the hospital agreed to rehire him if he could persuade GIS to issue a new, clean report.

24. As a result of formal dispute that Plaintiff initiated with Defendant pursuant to 15 U.S.C. § 1681i(a), Defendant eventually sustained the dispute and issued a clean report, around June 15, 2010.

25. Around approximately July 1, 2010, Plaintiff was rehired by the hospital.

26. Plaintiff was a class member of the putative class in *Kerry Robinson v. General Information Services, Inc.*, No. 11-cv-07782-PBT, which was filed on December 22, 2011. His claims against Defendant were therefore tolled under the *American Pipe* doctrine, *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974).

27. Pursuant to the Settlement Agreement in *Robinson* and the July 1, 2014 Order Preliminarily Approving that Settlement, Plaintiff (a) received a class notice in the mail and (b) on or about September 3, 2014, excluded himself from the Settlement Class.

## V. Causes of Action

### COUNT ONE: VIOLATION OF FCRA, § 1681k(a)

28. At all times pertinent hereto, Defendant GIS was a consumer reporting agency ("CRA") as defined by section 1681a(f) of the FCRA, as well a "person" as defined by section 1681a(b) of the FCRA.

29. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by section 1681a(b) of the FCRA.

30. The FCRA was enacted "to insure that consumer reporting agencies exercise their *grave responsibilities* with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4) (emphasis added), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. § 1681(b). Congress sought to ensure a "fair and equitable" dissemination and use of potentially damaging consumer information by including in the statutory scheme a series of due-process-like protections that impose strict procedural rules on "consumer reporting agencies" and users of "consumer reports." This action involves Defendant's violation of several of those important rules.

31. Defendant reviews public record databases and maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals.

32. From its files, Defendant sells consumer reports to potential employers wishing to investigate the criminal history, or lack thereof, of their job applicants. According to its website, "GIS has 44 years of experience and serves thousands of customers nationwide, from small business to Fortune 100 companies, by providing comprehensive national and international

background screening solutions, talent acquisition solutions, and industry specific services."

http://www.geninfo.com/news/news-08-30-2010.asp

33. When a CRA furnishes a consumer report for employment purposes, and compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment, the CRA, at the time the public record information is reported to the user of the consumer report, must do one of two things: (1) either it must notify the consumer of the fact that public record information is being reported, with the name and address of the person to whom such information is being reported or (2) it "must maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date." 15 U.S.C. § 1681k(a).

34. Defendant did neither. It did not notify Plaintiff contemporaneously of the fact that it was reporting public records information about him to his employer and it was not maintaining strict procedures designed to ensure that the public records information it was reporting was complete and up to date. On the contrary, Defendant was systematically failing to purchase complete and updated expungement information, as demonstrated by the information filed of record in the *Robinson v. GIS* settlement, indicating that Plaintiff was one of 294 individuals for whom expunged criminal records information was wrongfully reported to employers.

35. Plaintiff suffered substantial harm caused by Defendant's failure to comply with its obligations under the FCRA. These damages include approximately six weeks of lost wages, humiliation and emotional distress, and reputational harm.

36. Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable to Plaintiff for willfully and negligently violating 15 U.S.C. § 1681k(a).

### COUNT TWO: VIOLATION OF FCRA, § 1681e(b)

37. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38. Any CRA that provides an inaccurate background report to a potential employer is liable to the consumer applicant if it failed to follow "reasonable procedures to assure maximum possible accuracy" of the reported information. 15 U.S.C. § 1680e(b).

39. The report furnished by Defendant to Plaintiff's hospital employer was inaccurate, in that included information about the expunged charges.

40. Defendant did not follow reasonable procedures designed to assure maximum possible accuracy. On the contrary, it was not regularly updating its public record information in order to capture up-to-date expungement information.

41. Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable to Plaintiff for willfully and negligently violating 15 U.S.C. § 1681e(b).

### COUNT THREE: VIOLATION OF FCRA, § 1681b(b)(3)

42. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43. The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer a copy of the report and a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, *before taking such adverse action.* 15 U.S.C. § 1681b(b)(3)(A).

44. For purposes of this requirement, an "adverse action" includes "any . . . decision . . . that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii), or that is "made in connection with" an employment application and is adverse to the consumer's interest. 15 U.S.C. § 1681a(k)(1)(B)(iv).

45. Defendant is a "user" of a consumer report for employment purposes in so far as it purchased public record information from third parties for the purpose of rendering background reports to its employer customers.

46. As part of the services provided by Defendant to Plaintiff's employer, it "graded" employment applicants. Those applicants with clean criminal records were graded "Recommended." Those with criminal records were, on information and belief, graded "Not Recommended" or "Review."

47. Defendant graded Plaintiff "Not Recommended" or "Review" based on its wrongful inclusion of the expunged charges.

48. During the relevant time period, any grade other than "Recommended" was an "adverse action" with regard to this particular employer, as demonstrated by the fact that the employer would not hire Plaintiff unless Defendant revised its report to be "Recommended."

49. Contrary to 15 U.S.C. § 1681b(b)(3)(A), Defendant failed to provide Plaintiff with a copy of the consumer report it issued about him to his employer *before* it sent the report to the employer.

50. Pursuant to section 1681o of the FCRA, Defendant is liable to Plaintiff for negligently violating 15 U.S.C. § 1681b(b)(3).

**VI. Jury Trial Demand**

51. Plaintiff demands trial by jury on all issues so triable.

## VII. Prayer for Relief

WHEREFORE, Plaintiff seeks judgment against Defendant, including the following relief:

A. Statutory damages in an amount of $100 to $1,000 for each willful violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(B);

B. Punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

C. Actual damages, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1);

D. Reasonable attorney's fees and costs, pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(a)(2);

E. Such other relief as may be just and proper.

Dated:  April 17, 2015

_____
Irv Ackelsberg, Esquire
Pa. Id. No. 23813
LANGER, GROGAN & DIVER, P.C.
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tele: (215) 320-5660
Fax: (215) 320-5703
Email: iackelsberg@langergrogan.com

Counsel for Plaintiff