**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTOPHER HILL, | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | NO.  14-07132-PBT |
| | : | |
| GENERAL INFORMATION SERVICES, | : | |
| *Defendant.* | : | |
| | : | |
| | : | |
| | : | |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant General Information Services, Inc. ("GIS") hereby appears, by and through legal counsel of record, and answers Plaintiff's Complaint as follows:

## PRELIMINARY STATEMENT

1.      GIS denies that any response is required to Paragraph 1.  To the extent a response is required, GIS admits only that Plaintiff seeks to assert claims under the Fair Credit Reporting Act ("FCRA").  GIS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 1 and they are therefore denied. GIS specifically denies it violated the FCRA and that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

2.      GIS admits this Court has jurisdiction.

3.      GIS admits venue lies in this district.

## THE PARTIES

4.      GIS is without sufficiently knowledge or information to form a belief as to the truth of the averments contained in paragraph 4 and they are therefore denied.

5.      Admitted.

6.      Admitted.

## **FACTUAL ALLEGATIONS**

7.      GIS is without sufficiently knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph 7 and they are therefore denied.

8.      GIS is without sufficiently knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph 8 and they are therefore denied.

9.      GIS is without sufficiently knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph 9 and they are therefore denied.

10.      GIS is without sufficiently knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph 10 and they are therefore denied.

11.      GIS is without sufficiently knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph 11 and they are therefore denied.

12.      GIS is without sufficiently knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph 12 and they are therefore denied.

13.      GIS is without sufficiently knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph 13 and they are therefore denied.

14.      Admitted on information and belief.

15.      GIS is without sufficiently knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph 15 and they are therefore denied.

16.      GIS is without sufficiently knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph 16 and they are therefore denied.

17.     GIS is without sufficiently knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph 17 and they are therefore denied.

18.     GIS is without sufficiently knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph 18 and they are therefore denied.

19.     GIS is without sufficiently knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph 19 and they are therefore denied.

20.     Denied.

21.     GIS is without sufficiently knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph 21 and they are therefore denied.

22.     GIS is without sufficiently knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph 22 and they are therefore denied.

23.     GIS is without sufficiently knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph 23 and they are therefore denied.

24.     GIS admits Plaintiff disputed information contained in his consumer background report and that GIS updated its report as a result of the dispute.

25.     GIS is without sufficiently knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph 25 and they are therefore denied.

26.     The allegations of paragraph 26 constitute conclusions of law to which no response is required.

27.     The allegations of paragraph 27 constitute conclusions of law to which no response is required. To the extent a response is required, GIS admits that it mailed Plaintiff a notice pursuant to the settlement agreement filed in *Robinson v. General Information Services, Inc.*, and that Plaintiff has purported to opt out of that settlement.

**CAUSES OF ACTION**

**COUNT ONE:  VIOLATION OF THE FCRA § 1681k(a)**

28.     The allegations of paragraph 28 constitute conclusions of law to which no response is required.

29.     The allegations of paragraph 29 constitute conclusions of law to which no response is required.

30.     The allegations of paragraph 30 constitute conclusions of law to which no response is required.

31.     GIS admits it researches public records sources to discover the criminal history of individuals.  GIS denies all other matter contained in paragraph 31.

32.     GIS admits that it sells consumer reports to potential employers.  GIS denies all other matter contained in paragraph 32.

33.     The allegations of paragraph 33 constitute conclusions of law to which no response is required.

34.     Denied.

35.     Denied.

36.     Denied.

**COUNT TWO:  VIOLATION OF THE FCRA § 1681e(b)**

37.     The foregoing paragraphs are incorporated herein by reference.

38.     The allegations of paragraph 38 constitute conclusions of law to which no response is required.

39.    The allegations of paragraph 39 constitute conclusions of law to which no response is required.  To the extent a response is required, GIS admits that it furnished a report about plaintiff.

40.    Denied.

41.    The allegations of paragraph 41 constitute conclusions of law to which no response is required.  To the extent a response is required, GIS denies the allegations in paragraph 41.

### COUNT THREE:  VIOLATION OF THE FCRA § 1681b(b)(3)

42.    The foregoing paragraphs are incorporated herein by reference.

43.    The allegations of paragraph 43 constitute conclusions of law to which no response is required.

44.    The allegations of paragraph 44 constitute conclusions of law to which no response is required.

45.    The allegations of paragraph 45 constitute conclusions of law to which no response is required.  To the extent a response is required, GIS denies the allegations contained in paragraph 45.

46.    Denied.

47.    Denied.

48.    The allegations of paragraph 48 constitute conclusions of law to which no response is required.  To the extent a response is required, GIS is without sufficiently knowledge or information to form a belief as to the truth of the averments and they are therefore denied.

49.    Denied.

50.     The allegations of paragraph 50 constitute conclusions of law to which no response is required.   To the extent a response is required, GIS denies the allegations of paragraph 50.

### JURY TRIAL DEMANDED

51.     GIS demands trial by jury on all issues so triable.

### PRAYER FOR RELIEF

GIS denies Plaintiff is entitled to the relief requested in his prayer for relief, or any other relief.

### DEFENSES AND AFFIRMATIVE DEFENSES

1.     The injuries and damages sustained by Plaintiff, if any, may have been the direct result of the contributory or comparative negligence of the Plaintiff, and as such, any recovery upon the claims asserted by the Plaintiff are barred or proportionately reduced pursuant to Plaintiff's contributory or comparative negligence.

2.     GIS avers that at all times it acted without negligence, without recklessness, and without willful intent to injure Plaintiff.

3.     GIS acted at all times in accordance with the FCRA.

4.     Plaintiff's claims are barred, in whole or in part, because he suffered no damages as a result of GIS's conduct.

5.     Defendant is not the cause of any damages alleged by Plaintiff.

6.     To the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

7.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

8.     Plaintiff's damages, if any, were the result of a third-party over which GIS had no

control nor right of control.

      9.     Defendant reserves the right to add, supplement, and/or remove defenses and/or additional defenses presently unknown to it according to facts that may become known during the course of discovery.

                            Respectfully submitted,

                            /s/ John G. Papianou
                            John G. Papianou
                            MONTGOMERY, McCRACKEN,
                              WALKER & RHOADS, LLP
                            123 S. Broad St.
                            Philadelphia, PA 19109
                            (215) 772-7389

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 2, 2015, I electronically filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Irv Ackelsberg, Esq.
LANGER, GROGAN & DIVER, P.C.
1717 Arch Street
Philadelphia, PA 19103
(215) 320-5660
*Counsel for Plaintiff*

<u>/s/ John G. Papianou</u>
John G. Papianou